```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

**UNITED STATES OF AMERICA**

             **Cr No.** 07-08-02-SM

  v.

             **Violation:** Conspiracy to
**JEFFREY MEALEY**         Defraud United States
             (18 U.S.C. §371)

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### INTRODUCTION

1. From in and around January 2000, through in and around December 2004, the defendant, **JEFFREY MEALEY**, and **MICHAEL MONAHAN** operated and managed three temporary employment agencies ("the agencies"), Merrimack Temps, Inc. ("Merrimack"), Practical Business Solutions, Inc. ("PBS"), and Industrial Business Services, Inc. ("IBS"). **MEALEY** and **MONAHAN** conducted the agencies' business from locations in Massachusetts and New Hampshire. They also used other people to act as the agencies' nominee owners and officers.

2. **MEALEY** and **MONAHAN** caused checks they received from the agencies' customers to be deposited to separate bank accounts they maintained for the agencies.

3. **MEALEY** and **MONAHAN** obtained money for themselves and the cash they needed to pay hourly wages to laborers who worked for the agencies ("laborers") by causing checks made payable to "Cash" that were drawn on the agencies' bank accounts to be negotiated.

4. Each agency was required to pay to the Internal Revenue Service ("IRS") federal income, social security and medicare taxes

on behalf of the laborers, plus additional social security and medicare taxes the agency owed, as an employer, to the IRS. (The total amount of federal income, social security and medicare taxes that were owed by each agency to the IRS is referred to hereinafter as "federal employment taxes").

    5.   Each agency was also required to submit an IRS Form W-2 for each laborer to the IRS.  On each IRS Form W-2 the agency was required to state, among other things, the laborer's true name and social security number, the amount of money the agency paid to the laborer during the relevant calendar year, and the amount of federal employment tax the agency paid for the laborer to the IRS that year.

    6.   Each agency was also required to file Quarterly Federal Tax returns ("Quarterly Returns") with the IRS, and to accurately state on each Quarterly Return the total wages ("taxable wages") that had been paid to the laborers and the agencies' other employees during the period covered by the return, and the amount of federal employment tax that was due and owing thereon.

    7.   The agencies were not required to pay federal employment taxes to the IRS for laborers who were considered to be independent contractors for federal employment tax purposes. Instead, each agency was required to submit an IRS Form 1099 to the IRS for each independent contractor.  On each IRS 1099 Form, the agency was required to accurately state, among other things, the independent

contractor's true name and social security number, and the amount of income the agency paid to the independent contractor that year.

## CONSPIRACY TO DEFRAUD THE UNITED STATES
## 18 U.S.C. §371

8.   From in and around January 2000, through in around and December 2004, in the District of New Hampshire and elsewhere, the defendant,

**JEFFREY MEALEY**,

and **MICHAEL MONAHAN** knowingly and willfully conspired and agreed with each other and other people to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue: to wit, federal employment taxes, in violation of Title 18, United States Code, Section 371.

### Purpose of the Conspiracy

9.   The purposes of the conspiracy were to conceal information and mislead the IRS regarding the amount of the agencies' liabilities for federal employment taxes and to evade the payment of those taxes.

**Manner and Means of the Conspiracy**

10.    The manner and means by which **MEALEY** and **MONAHAN** sought to accomplish the object of the conspiracy included, among others, (a) causing Quarterly Returns to be submitted to the IRS that falsely and fraudulently reported (i) the amount of taxable wages the agencies paid to laborers and other employees during the periods covered by the returns, and (ii) the amount of federal employment tax that was due and owing thereon; and (b) causing IRS Form 1099s to be submitted to the IRS that used false social security numbers to identify laborers.

**Overt Acts**

11.    In furtherance of the conspiracy, **MONAHAN** and **MEALEY** committed and caused the following overt acts to be committed in the District of New Hampshire, and elsewhere:

   a.    they established a mailing address for IBS in Nashua, New Hampshire;

   b.    they paid another person to act as the nominee owner of IBS;

   c.    they caused Quarterly Returns to be submitted to the IRS that falsely and fraudulent stated (i) the amount of taxable wages the agencies paid to laborers and other employees during the periods covered by the returns, and (ii) the amount of employment tax that was due and owing thereon; and

    d. they caused the agencies to submit IRS Form 1099s to the IRS that used false social security numbers to identify laborers.

All in violation of Title 18, United States Code, Section 371.

Dated: July 23, 2008

**A TRUE BILL**

<u>**/s/ Foreperson**</u>
**Foreperson of the Grand Jury**

Thomas Colantuono
United States Attorney


By: <u>/s/ Robert M. Kinsella</u>
    Robert M. Kinsella
    Assistant United States Attorney